STATE OF NEW YORK
SUPREME COURT        COUNTY OF ALBANY

_____

ANN MARIE GRAEF,
          Plaintiff,

-against-

RICOH USA, INC.;
RICOH AMERICAS HOLDINGS INC.;
RICOH COMPANY LIMITED;
RICOH AMERICAS CORPORATION;
And RICOH COMPANY LTD;
          Defendants.

SUMMONS
INDEX No.: 05285-17

Plaintiff designates Albany County as the place of trial.

The basis of venue is plaintiff resides in Albany County.

_____

**To the above named Defendants:**

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with Summons, to serve a Notice of Appearance on the plaintiffs' attorney(s) within twenty (20) days after the service of this Summons, exclusively on the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: August 11, 2017

Buckley, Mendleson, Criscione & Quinn, P.C.
Attorneys for Plaintiffs

By: _____
      John J. Criscione, Esq.

29 Wards Lane
Albany, New York 12204
Phone: (518) 427-7521

**DEFENDANTS' ADDRESSES:**

RICOH USA, INC.
70 Valley Stream PKWY
Malvern, PA 19355

RICOH AMERICAS HOLDINGS INC.
5 Dedrick Place
West Caldwell, NJ 07006-6304

1

RICOH COMPANY LIMITED
70 Valley Stream PKWY
Malvern, PA 19355

RICOH AMERICAS CORPORATION
5 Dedrick Place
West Caldwell, NJ 07006-6304

RICOH COMPANY LTD.
70 Valley Stream PKWY
Malvern, PA 19355

**STATE OF NEW YORK**
**SUPREME COURT**          **COUNTY OF ALBANY**

ANN MARIE GRAEF,

                Plaintiffs,

-against-

RICOH USA, INC.; *only*
RICOH AMERICAS HOLDINGS INC.;
RICOH COMPANY LIMITED;
RICOH AMERICAS CORPORATION;
And RICOH COMPANY LTD.;

                Defendants.

**COMPLAINT**

Index No.: 05285-17

[RECEIVED 2017 AUG 14 PM 1:25 ALBANY COUNTY CLERK]

**To the above named Defendants:**

The Ann Marie Graef, by and through her attorneys, Buckley, Mendleson, Criscione & Quinn, P.C., as and for a Complaint against the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., alleges upon information and belief:

D    1.    Upon information and belief, and at all times hereinafter mentioned, one or more of the exceptions set forth in CPLR §1602 applies to this action for a claim for damages, including but not limited to subdivisions 1, 4, 7, 8 and 10.

OK    2.    Upon information and belief, and at all times hereinafter mentioned, Plaintiff, Ann Marie Graef, is and was a resident of the County of Albany, State of New York.

Admit    3.    Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh USA, Inc. is a foreign business corporation duly organized and in good standing in the State of Ohio.

3

Admit

4. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh USA, Inc. has its principal location in Malvern, Pennsylvania.

5. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh Americas Holdings Inc., is a domestic business corporation duly organized and in good standing in the State of New Jersey.

6. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh Americas Holdings Inc. has its principal location in 5 Dedrick Place, West Caldwell, New Jersey, 07006-6304.

7. Upon information and belief, and at all times hereinafter mentioned, the Defendant,. Ricoh Company Limited, is a foreign corporation duly organized and in good standing in their state of incorporation and conducting business in the State of New York.

8. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh Company Limited has its principal location in Malvern, Penssylvia.

9. Upon information and belief, and at all times hereinafter mentioned, the Defendant,. Ricoh Company Ltd., is a foreign corporation duly organized and in good standing in their state of incorporation and conducting business in the State of New York.

10. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh Company Ltd. has its principal location in Malvern, Penssylvia.

11. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh Americas Corporation, is a domestic business corporation duly organized and in good standing in the State of New Jersey.

12. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Ricoh Americas Corporation has its principal location in 5 Dedrick Place, West Caldwell, New Jersey, 07006-6304.

13. Upon information and belief, and at all times hereinafter mentioned the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., designed, manufactured, assembled, distributed, maintained, serviced, installed and sold commercial printing equipment.

14. Upon information and belief, and at all times hereinafter mentioned the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., designed, manufactured, assembled, distributed, maintained, serviced, installed, repaired and sold commercial printing equipment to plaintiff's employer, New York State Office of Information Technology Services located in Albany, New York, under contract #PT66612.

15. Upon information and belief, and at all times hereinafter mentioned, the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., designed, manufactured, assembled, distributed, maintained, serviced, installed, repaired and sold commercial printing equipment, including but not limited to, the printing equipment.

16. Upon information and belief, the Plaintiff, Ann Marie Graef, was employed by New York State Office of Information Technology Services, located at the Empire State Plaza, Core 4, floor 2-B, Albany, New York.

17. That on or about August 14, 2014, while Plaintiff was attempting to retreve a piece of paper from the defendants' printing machine, the printing machine activated on its own, unexpectedly, not giving plaintiff sufficient time to remove herself from harm's way while she was in a dangerous proximity of moving parts of the machine,

5

resulting in impalement her right arm causing plaintiff to sustain severe, serious and permanent physical injury.

18. That on or about August 14, 2014, the Plaintiff, Ann Marie Graef, while plaintiff was attempting to retrieve a piece of paper from the printing equipment that was designed, manufactured, assembled, distributed, maintained, serviced, installed, repaired and sold by the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., caused the Plaintiff's right arm to be severe, serious and permanent physical injury.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, RICOH USA, INC., RICOH AMERICAS HOLDINGS INC., RICOH COMPANY LIMITED, RICOH AMERICAS CORPORATION AND RICOH COMPANY LTD.**

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as if fully set forth herein.

20. That at all times hereinafter mentioned, the aforementioned occurrence was caused by the negligence of the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., in the design, testing, manufacture, inspection, distribution, labeling, maintenance, servicing, repair, sale and promotion of its commercial printing equipment.

21. That as a result of the foregoing, Plaintiff was damaged in an amount exceeding the jurisdictional limits of all courts, which would otherwise have jurisdiction over this matter.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS, RICOH USA, INC., RICOH AMERICAS HOLDINGS INC., RICOH COMPANY LIMITED, RICOH AMERICAS CORPORATION AND RICOH COMPANY LTD.**

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as if fully set forth herein.

23. At the time of the incident in question, the commercial printing equipment was being used for purposes and in the manner for which it was normally intended to be used.

24. The Plaintiff, as user of the commercial printing equipment, would not, by exercising reasonable care, have discovered any defect in the commercial printing equipment to have perceived this danger.

25. By exercising reasonable care, the Plaintiff's injuries would not have been averted. Accordingly, under New York State Laws and Products Liability, Defendants are strictly liable for Plaintiff's injuries.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS, RICOH USA, INC., RICOH AMERICAS HOLDINGS INC., RICOH COMPANY LIMITED, RICOH AMERICAS CORPORATION AND RICOH COMPANY LTD.**

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1 through "25" as if fully set forth herein.

27. By its conduct with respect to its "commercial printing equipment", the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company Ltd., violated express and implied warranties.

28. That as a result of the foregoing, Plaintiff was damaged in an amount exceeding the jurisdictional limits of all courts, which would otherwise have jurisdiction over this matter.

WHEREFORE, the Plaintiff, Ann Marie Graef, demand judgment against the Defendants, Ricoh USA, Inc., Ricoh Americas Holdings Inc., and Ricoh Company Limited, Ricoh Americas Corporation and Ricoh Company LTD, in an amount that exceeds the jurisdictional limits of all lower courts and for such other and further relief this Court may deem just and proper.

Dated: August 11, 2017

Buckley, Mendleson, Criscione & Quinn, P.C.
Attorneys for Plaintiffs

By: _____
    John J. Criscione, Esq.

29 Wards Lane
Albany, New York  12204
Phone:  (518) 427-7521