**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANN MARIE GRAEF,

                              Plaintiff,

        - v -                                     Civ. No. 1:17-CV-1105
                                                                 (DJS)
RICOH, USA, INC.,

                              Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| BUCKLEY, MENDLESON, CRISCIONE & QUINN PC<br>Attorney for Plaintiff<br>29 Wards Lane<br>Albany, New York 12204 | JOHN J. CRISCIONE, ESQ. |
| LAW OFFICE OF THERESA PULEO<br>Attorney for Defendant<br>One Park Place<br>Albany, New York 12205 | MURRY S. BROWER, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## **MEMORANDUM DECISION and ORDER**[1]

### **I. INTRODUCTION**

      Originally commenced in New York State Supreme Court, this action was

---

[1] The parties have consented to have the undersigned handle all further proceedings in this matter pursuant to 28 U.S.C. § 636(c). Dkt. No. 31.

1

removed to this Court on the basis of diversity jurisdiction. Dkt. No. 1. The Complaint alleges, *inter alia*, negligence on the part of Defendant in the maintenance and servicing of commercial printing equipment. Dkt. No. 2, Compl. at ¶ 20. Defendant now moves for summary judgment under FED. R. CIV. P. 56. Dkt. No. 25. Plaintiff opposes the Motion. Dkt. No. 32. Defendant has filed a reply. Dkt. No. 34.

For the reasons that follow, the Motion is granted.

## II. FACTUAL BACKGROUND

This case involves an unfortunate factual situation in which Plaintiff was injured at work. Given the nature of the legal issue presented by the Motion, only a brief summary of the relevant facts is provided here. Plaintiff is employed by the State of New York Information Technology Services ("ITS"). Dkt. No. 32-3, Pl.'s Aff., ¶ 3. She frequently worked in a print room where state documents were printed. *Id.* This litigation arose as a result of an incident that took place there on August 14, 2014. On that date, Plaintiff was working in the print room on a print job consisting of New York Department of Motor Vehicle titles. *Id.* at ¶ 10. The documents were being processed through three separate machines: a cutter, a merger, and finally a stacker. *Id.* at ¶ 6. During that process, several documents were determined to be missing and were located on the bottom of the stacker. *Id.* at ¶¶ 14-15. The rear panel on the stacker was not in place at the time. *Id.* at ¶ 12. Plaintiff had not removed the stacker's back panel and does not know who did. *Id.* Plaintiff reached into the machine through the space the

2

panel would normally cover and her arm was then impaled by an internal part of the stacker.  *Id.* at ¶ 15.

Ricoh, the Defendant in this action, has a contract with the State of New York to service machinery for ITS, including the stacker.  Compl. at ¶ 14; Pl.'s Aff. at ¶ 5; Dkt. No. 25-4, Savona Dep., p. 13.  Several different service technicians working for Defendant had experience working on machines at Plaintiff's work location.  *See* Savona Dep. at p. 16; Dkt. No. 25-5, Osman Dep., p. 6; Dkt. No. 25-6, Fleck Dep., p. 6. Defendant was responsible for maintenance and service and would be notified of problems with machinery in that location.  Pl.'s Aff. at ¶ 8.  The service technicians employed by Defendant who testified in this case all testified that they did not take off the back panel and fail to replace it or that they did not know who had done so.  Savona Dep. at p. 50; Osman Dep. at p. 16; Fleck Dep. at p. 65.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

3

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court

4

must "read his supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. ANALYSIS OF DEFENDANT'S SUMMARY JUDGMENT MOTION

"Because this is a diversity action based upon events occurring in New York, New York substantive law applies." *Van Auken v. Adamkiewicz*, 2009 WL 1437586, at *2 (N.D.N.Y. May 19, 2009) (citing 28 U.S.C. § 1332; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 71-80 (1938)). "To establish a *prima facie* case of negligence under New York law, three elements must be demonstrated: (1) the defendant owed the plaintiff a cognizable duty of care as a matter of law; (2) the defendant breached that duty; and (3) plaintiff suffered damage as a proximate result of that breach." *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998). As a result, "a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." *Vogle v. N. Country Prop. Mgmt., LLC*, 170 A.D.3d 1491, 1492 (3d Dep't 2019). Under New York law, "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party." *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136, 138 (2002). The New York Court of Appeals has

5

> identified only three exceptions to this general rule, which [were] summarized in *Espinal*. These are (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely.

*Stiver v. Good & Fair Carting & Moving, Inc.*, 9 N.Y.3d 253, 257 (2007) (internal citations, quotations, and alterations omitted); *see also Hnatko v. Sun Automation Grp.*, 2016 WL 6902356, at *7 (N.D.N.Y. Sept. 13, 2016).

There is no dispute that Defendant contracted with New York State to service the stacker. Criscione Aff., ¶¶ 5-6; Compl. at ¶ 14 (identifying contract as PT66612). That contract is publicly available on the New York State Office of General Services website. Agreement by and between New York Office of General Services and Ricoh U.S.A., Inc., https://online.ogs.ny.gov/purchase/snt/awardnotes/7552522661EC_Ricoh.pdf. The Court takes judicial notice of the fact that Plaintiff was not a party to Defendant's contract with New York State to service the stacker. *Am. Zurich Ins. Co. v. Country Villa Serv. Corp.*, 2014 WL 12588687, at *4 (C.D. Cal. Oct. 2, 2014) ("Judicial notice of contracts is proper when contracts are integral to the complaint and no party disputes the contracts' identity and accuracy"); *Valley Fruit Orchards, LLC v. Glob. Horizons Manpower, Inc.*, 2010 WL 1286367, at *2 (E.D. Wash. Mar. 26, 2010) (similar). Thus, Plaintiff was owed no duty of care unless one of the *Espinal* exceptions applies. *Rydstrom v. Home Depot U.S.A., Inc.*, 2019 WL 117600, at *4 (E.D.N.Y. Jan. 7, 2019), *report and recommendation*

*adopted*, 2019 WL 438478 (E.D.N.Y. Feb. 4, 2019).

Contrary to Plaintiff's contention that Defendant bears the burden "to prove that it did not take the back off the machine," Pl.'s Mem. of Law at p. 4, "since the pleadings did not allege facts which would establish the applicability of any of the *Espinal* exceptions, [Defendant was] not required to affirmatively demonstrate that these exceptions did not apply in order to establish their *prima facie* entitlement to judgment as a matter of law." *Bronstein v. Benderson Dev. Co.*, 167 A.D.3d 837, 839 (2d Dep't 2018); *see also Turner v. Birchwood on the Green Owners Corp.*, 171 A.D.3d 1119, 1121 (2d Dep't 2019) ("As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those *Espinal* exceptions that were expressly pleaded by the plaintiff"); *Knox v. Sodexho Am., LLC*, 93 A.D.3d 642, 643 (2d Dep't 2012) ("Contrary to the plaintiff's contention, the defendant [ ] made a prima facie showing of its entitlement to judgment as a matter of law by offering proof that the plaintiff was not a party to its . . . contract, and that it, thus, owed h[er] no duty of care") (citing cases).

Plaintiff relies on the first two of the *Espinal* exceptions in opposing the Motion. Plaintiff has not made a showing sufficient to either establish or raise a question of fact as to either exception.

### A. Instrument of Harm

"New York courts have clarified this first exception to emphasize that a duty arises

7

when the defendant, 'while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk.'" *Rydstrom v. Home Depot U.S.A., Inc.*, 2019 WL 117600, at *4 (quoting *Church ex rel. Smith v. Callanan Indus., Inc.*, 99 N.Y.2d 104, 111 (2002)).

The unreasonable risk of harm alleged is removing and leaving off the back panel of the stacker. Plaintiff, however, has simply offered no evidence that Defendant did so. The Ricoh employees who testified stated that they did not leave the back off the stacker. Savona Dep. at p. 50; Osman Dep. at p. 16; Fleck Dep. at p. 65.[2] Plaintiff admits that she does not know who removed the back cover, Pl.'s Dep. at p. 54, and "only assumed it had been removed by Ricoh employees." Pl.'s Aff. at ¶ 12. While Plaintiff identified co-workers, who were present at the time of the incident, Dkt. No. 34-2, she has come forward with no admissible proof from any source identifying who was responsible for removing and not replacing the back cover. There is thus no evidence at all to establish that any employee of Defendant removed and failed to replace the back cover, or even create a question of fact as to whether they did so.

Plaintiff makes several arguments to defeat summary judgment, but all are unavailing. First, she contends that the evidence from the Ricoh employees should be discounted "because it relies solely on the testimony of the defendant's witnesses and their credibility and assumes their credibility and knowledge." Criscione Aff. at ¶ 4.

---

[2] Even if Defendant bore the burden of establishing that it had not launched an instrument of harm, this testimony would be sufficient to do so.

8

Evidence provided by a defendant in support of summary judgment often includes sworn testimony from the party or its representative and nothing about that fact makes that evidence inherently unreliable. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (a plaintiff may not defeat a defendant's properly supported motion for summary judgment "without offering any concrete evidence from which a reasonable juror could return a verdict in his favor and by merely asserting that the jury might, and legally could, disbelieve the defendant's denial"); *see also DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 2019 WL 1515231, at *6 (E.D.N.Y. Feb. 21, 2019) ("Just because [plaintiff's expert] opinion does not align with defendants' theory of the case does not make it inherently unreliable"). In opposing summary judgment, Plaintiff bears the burden of identifying material questions of fact. FED. R. CIV. P. 56(c)(1). Merely presuming a party's representative is not credible does not do so.

Second, Plaintiff asks the Court to speculate about who was most likely to have opened and not secured the back panel when she argues "who else other than Ricoh employees who service the machine would have had the opportunity and ability to remove the back cover of the stacker." Pl.'s Mem. of Law at p. 5; *see also id.* ("it cannot be said as a matter of law that the defendant did not remove the back of the stacker"). A party, however, may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986); *Buttner v. RD Palmer Enters., Inc.*, 2015 WL 1472084, at *3 (N.D.N.Y.

9

Mar. 31, 2015) ("Mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment."). She has offered no admissible evidence suggesting that it was, in fact, an employee of Defendant that created the unsafe condition.

Finally, Plaintiff's reliance on Defendant's service records do not identify questions of fact. Plaintiff cites to Ricoh service records for August 7, 2014 and August 14, 2014 as evidence that the stacker was serviced shortly before, or the day of, the incident and, as a result, "it can only be assumed" that the back panel had been removed by an employee of Defendant. Criscione Aff. at ¶¶ 6-8. The cited maintenance records, however, do not establish Plaintiff's point. Plaintiff's Affidavit establishes that the serial number for the stacker involved in this incident was 20568. Pl.'s Aff. at ¶ 7; *see also* Dkt. No. 33, Lines 3415-3416, Fields F & AV (indicating serial number 20568 for machine on which repair work was done in early morning hours after Plaintiff's accident).[3] The work on August 7, 2014 appears to have been done on a machine with serial number 20561. Dkt. No. 33, Lines 3410-3411, Field F. Work on August 14th, prior to Plaintiff's accident, was done on a machine with the serial number 20448. *Id.* at Lines 3412-3414, Field F. None of that work raises an inference for believing that any employee of Defendant took the back off the stacker in the days leading up to the incident underlying this litigation.

Moreover, that Plaintiff reported a single incident nearly a year later where the

---

[3] The CD was included with Dkt. No. 33, but is not specifically identified as a separate exhibit in any part of Plaintiff's opposition. *See* Dkt. No. 32.

back cover had allegedly been left off by Ricoh employees, Criscione Aff. at ¶ 56 (discussing July 16, 2015 incident); Dkt. No. 32-1 at p. 3, does not raise a question of fact about what happened on August 14, 2014. *See Dean v. City of Buffalo*, 579 F. Supp. 2d 391, 410 (W.D.N.Y. 2008) (incidents occurring after incident with plaintiff did not raise questions of fact about whether defendant negligently failed to supervise); *Loussier v. Universal Music Grp., Inc.*, 2005 WL 5644420, at *2 (S.D.N.Y. Aug. 30, 2005) ("only when the examples offered to establish such a pattern of conduct or habit are sufficiently numerous to permit the inference of systematic conduct" would such examples be admissible).

### B. Detrimental Reliance

"To establish detrimental reliance on promises contained in a third-party contract, a plaintiff must demonstrate that he or she had knowledge of the contractual obligation on which he or she allegedly relied." *Rydstrom v. Home Depot U.S.A., Inc.*, 2019 WL 117600, at *5. Plaintiff would also have to show that "performance of contractual obligations has induced detrimental reliance on continued performance and the defendant's failure to perform those obligations positively or actively works an injury upon the plaintiff." *Hnatko v. Sun Automation Grp.*, 2016 WL 6902356, at *8 (quoting *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d at 140).

Plaintiff was aware of Defendant's role as a service contractor for machines in her office. Pl.'s Aff. at ¶ 18. As set forth above, however, there is no evidence in this record

11

that Defendant failed to perform any obligation under the contract. Plaintiff cannot be said to have relied on Defendant's conduct where there is no evidence that any employee of Defendant engaged in the alleged conduct, here leaving off the back panel.

Accordingly, there is no evidence establishing, and thus no question of fact as to whether, Defendant's employees either launched an instrument of harm or engaged in any conduct on which Plaintiff detrimentally relied. Plaintiff cannot, therefore, establish that she was owed a duty of care by Defendant. Accordingly, Defendant's Motion for Summary Judgment is granted.[4]

---

4 The Complaint alleged numerous other claims including negligent design and manufacture, products liability, and breach of warranty premised on the theory that Defendant manufactured the device on which Plaintiff was injured. Compl. at ¶¶ 20-27. It is now undisputed that Defendant did not design or manufacture the stacker. Dkt. No. 25-11, Def.'s Rule 7.1 Statement, ¶¶ 1-2. Since claims relating to the design and manufacture of a product run only against the manufacturer, *see*, *e.g.*, *Cacciola v. Selco Balers, Inc.*, 127 F. Supp. 2d 175, 185 (E.D.N.Y. 2001); *Brooks v. Outboard Marine Corp.*, 47 F. Supp. 2d 380, 386 (W.D.N.Y. 1999), summary judgment as to those claims is appropriate as well.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendant's Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED**, that the Complaint is dismissed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum Decision and Order upon the parties to this action.

Dated: February 27, 2020
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge